# Exhibit C
*Affidavit of Mike McBride*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § § | Chapter 11 |
| SEMCRUDE, *et. al.*, | § § | Case No. 08-11525 (BLS) |
| Debtors. | § § | Jointly Administered |
| | § § | |
| PLAINS MARKETING, L.P., | § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 09-51003 (BLS) |
| BANK OF AMERICA, N.A., *et al.*, | § § | |
| Defendants. | § § | |
| | § § | |
| ARROW OIL &GAS, INC., *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | Adversary No. 10-51825 (BLS) |
| J. ARON & COMPANY, *et al.*, | § § | |
| Defendants, | § § | |

STATE OF TEXAS §
§
COUNTY OF HARRIS §

I, Mike McBride, being duly sworn, deposes and says:

1. I am over the age of eighteen years, of sound mind, and have personal knowledge of the facts stated herein.

2. I am Director, Financial Services of Plains Marketing GP Inc., the general partner of Plaintiff, Plains Marketing, L.P. ("Plains"). As such, I am familiar with and custodian of certain records of Plains Marketing, L.P., including the Netting Agreements attached as exhibits hereto.

3. In my capacity as Director, Financial Services of Plains Marketing GP Inc., I am familiar with the Netting Agreements made between Plains and Eaglwing, L.P., Plains and SemCrude, L.P., and Plains and Seminole Transportation and Gathering, L.P. ("STG"), a predecessor entity to SemCrude, L.P. Attached hereto as Exhibits 1-A through 1-C are true and correct copies of the Netting Agreements.

4. The attached agreements are true and correct copies of business records of Plains Marketing, L.P.

Further, affiant sayeth not.

_____
MIKE MCBRIDE

Sworn to and subscribed before me on this ___3___ day of November, 2010:

NATALIE A. VASQUEZ
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
10-08-2012

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

AFFIDAVIT OF MIKE MCBRIDE                                                              2

# NETTING AGREEMENT

This Netting Agreement ("Agreement") is made this 1st day of February 2003 by and between **EAGLWING TRADING, L.P.** ("the Company") and **PLAINS MARKETING, L.P.** ("PMLP").

**WHEREAS**, the Company and PMLP buy and sell crude oil from and to one another on a continuing, ongoing basis pursuant to crude oil purchase and sale agreements ("the Contracts"). Both parties acknowledge and agree that the Contracts are 'Forward Contracts' and that they are 'Forward Contract Merchants' as those terms are defined in the U.S. Bankruptcy Code "the Code"; and

**WHEREAS**, the Company and PMLP desire that the amount actually to be paid each month pursuant to the Contracts be only the net amount owing from one party to the other, and not the gross purchase or sale price to be paid by one party to the other; and

**WHEREAS**, the Company and PMLP desire to enter into this Agreement to establish procedures for the regular payment of the net obligations between the parties;

**NOW THEREFORE**, in consideration of the foregoing and of the mutual covenants and conditions set forth herein, the Company and PMLP agree as follows:

## DEFINITIONS

The following terms shall be ascribed the corresponding definitions:

1. "Net Balance" shall mean the dollar amount due to a party under this Agreement after all crude oil deliveries to and exchanges between the parties in the Delivery Month have been adjusted for differences in price, quantity and a net difference in the value thereof is found to exist.

2. "Delivery Month" shall mean the calendar month in which crude oil deliveries to or exchanges between the parties occur.

3. "Settlement Month" shall mean the calendar month immediately following the Delivery Month.

"Settlement Date" shall mean the 20th day of the Settlement Month unless the 20th falls on a Saturday or non-Monday banking holiday, in which case the Settlement Date shall be the regular business day immediately preceding the 20th; or if the 20th falls on a Sunday or Monday banking holiday, the Settlement Date shall be the regular business day immediately succeeding the 20th.

Exhibit 1-A

## SUPERSESSION

This Agreement supersedes all previous netting agreements between the parties, if any. However, unless otherwise specifically provided herein, all terms and conditions of the Contracts shall remain in full force and effect, including (but not limited to) those terms and conditions concerning items in dispute and related matters.

## NET PAYMENTS

The separate purchase or sale prices attributable to each purchase or sale of crude oil between the parties shall not be payable in gross, but rather shall be payable only on a net basis each month, in the manner set forth herein.

## PAYMENT OF NET BALANCE

Following the conclusion of a Delivery Month, the parties shall determine the Net Balance due and owing for the Delivery Month, and that Net Balance shall be payable on the Settlement Date.

## GROSS INVOICES

Each party may, for bookkeeping purposes, elect to invoice the other party in gross amounts for crude oil transactions. Neither party shall have an obligation to pay gross amounts to the other party, but shall only be required to pay the Net Balance, if any, due for the Delivery Month.

## NET BALANCE CONFIRMATION

The parties shall confirm in writing or by telephone the Net Balance due and owing for a particular Delivery Month at least one day prior to the Settlement Date.

## TERMINATION

This Agreement is effective February 1, 2003, and ending February 1, 2004, and shall continue month to month thereafter. The Company and PMLP each have the right to terminate this Agreement after February 1, 2004 by giving written notice of such termination to the other party at least 30 days prior to the beginning of the month in which this Agreement is to terminate. This Agreement will then terminate on the last day of said month except with respect to payment of any Net Balance due which shall be made by the final Settlement Date.

**NOTICE**

Any notice required or permitted by this Agreement must be in writing and may be given by (i) depositing same in the U.S. Mail, postage prepaid, registered or certified, with return receipt requested, addressed as set forth below; (ii) hand-delivering same to the party to be notified; or (iii) sending prepaid telefax, telex or telegram. Notices shall not be effective until received. For purposes of notice, the address of the parties hereto shall be as follows:

| | |
|---|---|
| If to PMLP: | PLAINS MARKETING, L.P.<br>Attention: Director of Financial Services<br>333 Clay Street Suite 1600<br>Houston, TX 77002 |
| If to Company: | EAGLWING TRADING, L.P.<br>Attention: _SHARON PENS_<br>_7702 EAST 91ST STREET_<br>_TULSA, OK 74133_<br>_FAX (918) 488-0999_ |

**ENFORCEABILITY**

This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. Neither party will assign this Agreement, in whole or in part, without the express prior written consent of the other party, and any purported assignment in violation hereof will be voidable by the non-assigning party.

If either party (the Non-Paying Party) does not pay any amount due hereunder to the other, the other party may (in addition to exercising such other remedies available at law or in equity) set off any amounts which may be owed or owing to the Non-Paying Party by the other party hereunder or under any other obligation, against any amounts due the other party hereunder, and/or recoup or reclaim (either in cash or in kind), the value of crude oil sales and deliveries to the Non-Paying Party under the Contracts. IN SUCH CONNECTION, EACH PARTY AGREES TO REIMBURSE, INDEMNIFY, DEFEND AND HOLD THE OTHER HARMLESS FROM AND AGAINST ANY AND ALL LOSSES, LIABILITIES, CLAIMS, DAMAGES OR EXPENSES SUFFERED OR INCURRED BY THE OTHER HEREUNDER SHOULD A PARTY (I) COMMENCE A VOLUNTARY CASE OR PROCEEDING UNDER THE CODE, (II) CONSENT TO OR FAIL TO OBTAIN ITS DISMISSAL FROM AN INVOLUNTARY CASE OR PROCEEDING INSTITUTED AGAINST IT UNDER THE CODE, (III) MAKE A GENERAL ASSIGNMENT FOR THE BENEFIT OF ITS CREDITORS, OR (IV) ADMIT THAT IT GENERALLY IS UNABLE TO PAY ITS DEBTS OR PERFORM ITS OBLIGATIONS AS THEY BECOME DUE.

**GOVERNING LAW**

This Agreement shall be construed and enforced in accordance with the laws of the State of Texas without application of its conflict of law rules. Any litigation over this Agreement shall be exclusively in the state and federal courts of Harris County, Texas. Should suit be instituted to enforce payment hereunder, the party prevailing in a final non-applicable judgement will be entitled to indemnification from the other party for its reasonable attorney's fees and related court costs but neither party shall be entitled to recover punitive damages from the other party.

**IN WITNESS WHEREOF**, this Agreement is executed by the respective parties on the dates set forth below and shall be effective as of the date first set forth above.

731597243

**EAGLWING TRADING, L.P.**

By: _____

Name: Gregory Wallace

Title: CFO

Date: 3/6/03


**PLAINS MARKETING, L.P.**
**By Plains Marketing GP Inc. it's general partner**

By: _____
   Al Swanson

Title: Treasurer
Date: February 6, 2003

RightFax   5/14/2004 4:10 PM   PAGE   5/027   Fax Server

MAR.16.2004   1:08PM   HALL ESTILL PC 4TH S.9185940505   NO.994   P.4/26



### OFFICE OF THE SECRETARY OF STATE
### STATE OF OKLAHOMA

## AMENDED
## CERTIFICATE OF LIMITED PARTNERSHIP

*WHEREAS, the Amended Certificate of Limited Partnership of*

### EAGLWING, L.P.

*has been filed in the office of the Secretary of State as provided by the laws of the State of Oklahoma.*

*NOW THEREFORE, I, the undersigned, Secretary of State of the State of Oklahoma, by virtue of the powers vested in me by law, do hereby issue this Certificate evidencing such filing.*

*IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the Great Seal of the State of Oklahoma.*

*Filed in the city of Oklahoma City this 15th day of March, 2004.*

*Secretary of State*

MAR.16.2004  1:09PM    HALL ESTILL PC 4TH S.9185940505           NO.994   P.5/25

FILED - Oklahoma Secretary of State #3300688636 03/15/2004 13:11

03/15/2004  12:58 PM
OKLAHOMA SECRETARY OF STATE





# OKLAHOMA
# AMENDED
# CERTIFICATE
# OF
# LIMITED PARTNERSHIP

TO: OKLAHOMA SECRETARY OF STATE
2300 N Lincoln Blvd., Room 101, State Capitol Building
Oklahoma City, Oklahoma 73105-4897
(405) 522-4560

The undersigned, for the purpose of amending the certificate of an Oklahoma limited partnership pursuant to the provisions of 54 O.S., Section 310, do hereby execute and file this Amended Certificate of Limited Partnership:

1.  A. The name of the limited partnership is:

    Eagiwing Trading, L.P.

    B. As amended: The name of the limited partnership has been changed to:

    Eagiwing, L.P.

    (Please Note: The name of the limited partnership MUST contain the words LIMITED PARTNERSHIP or the abbreviation L.P. or LP)

2.  The date of filing of the original certificate of limited partnership: August 25, 2000, converted to LP on May 2, 2002

3.  The street address of the office in Oklahoma at which the records of the limited partnership shall be kept:

    6120 South Yale, Suite 700, Tulsa, OK 74136
    Street Address                                        City        Zip Code
    (P.O. Boxes are NOT acceptable)

4.  The name of the registered agent and the street address of the registered office in the State of Oklahoma is:

    Michael D. Cooke, 320 South Boston, Suite 400, Tulsa, OK 74103
    Name              Street Address                      City        Zip Code
                      (P.O. Boxes are NOT acceptable.)

MAR.16.2004   1:09PM   HALL ESTILL PC 4TH S.9185940505                NO.994   P.6/26

5. Set forth clearly any and all amendments in the certificate of limited partnership which are desired to be made:

The name of the limited partnership is Eagiwing, L.P.

### SIGNATURES

Signed and dated this 15th day of March, 2004.

_[signature]_
(List title if applicable _President_)

Thomas L. Kivisto
Print or Type Name

_____
Business Address

_____
City      State      Zip Code

By: _[signature]_
(List title if applicable _____)
Seminole Group Operating G.P., L.L.C., general partner.
Gregory C. Wallace, Vice President
Print or Type Name

6120 South Yale, Suite 700
Business Address

Tulsa, OK 74136
City      State      Zip Code

NOTE: An amendment must be signed by at least one general partner and by each partner designated as a new general partner. A certificate being signed on behalf of a corporation shall be signed by the president or vice-president and shall not be required to be attested or sealed. (54 O.S., Section 312.A.2 & A.4)

(SOS FORM 0039-11/99)

## NETTING AGREEMENT

This Netting Agreement ("Agreement") is made this 1st day of February, 2003 by and between SEMINOLE TRANSPORTATION AND GATHERING, L.P.. ("the Company") and PLAINS MARKETING, L.P. ("PMLP").

WHEREAS, the Company and PMLP buy and sell crude oil from and to one another on a continuing, ongoing basis pursuant to crude oil purchase and sale agreements ("the Contracts"). Both parties acknowledge and agree that the Contracts are 'Forward Contracts' and that they are 'Forward Contract Merchants' as those terms are defined in the U.S. Bankruptcy Code "the Code"; and

WHEREAS, the Company and PMLP desire that the amount actually to be paid each month pursuant to the Contracts be only the net amount owing from one party to the other, and not the gross purchase or sale price to be paid by one party to the other; and

WHEREAS, the Company and PMLP desire to enter into this Agreement to establish procedures for the regular payment of the net obligations between the parties;

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants and conditions set forth herein, the Company and PMLP agree as follows:

### DEFINITIONS

The following terms shall be ascribed the corresponding definitions:

1. "Net Balance" shall mean the dollar amount due to a party under this Agreement after all crude oil deliveries to and exchanges between the parties in the Delivery Month have been adjusted for differences in price, quantity and a net difference in the value thereof is found to exist.

2. "Delivery Month" shall mean the calendar month in which crude oil deliveries to or exchanges between the parties occur.

3. "Settlement Month" shall mean the calendar month immediately following the Delivery Month.

"Settlement Date" shall mean the 20th day of the Settlement Month unless the 20th falls on a Saturday or non-Monday banking holiday, in which case the Settlement Date shall be the regular business day immediately preceding the 20th; or if the 20th falls on a Sunday or Monday banking holiday, the Settlement Date shall be the regular business day immediately succeeding the 20th.

Exhibit 1-B

5

### SUPERSESSION

This Agreement supersedes all previous netting agreements between the parties, if any. However, unless otherwise specifically provided herein, all terms and conditions of the Contracts shall remain in full force and effect, including (but not limited to) those terms and conditions concerning items in dispute and related matters.

### NET PAYMENTS

The separate purchase or sale prices attributable to each purchase or sale of crude oil between the parties shall not be payable in gross, but rather shall be payable only on a net basis each month, in the manner set forth herein.

### PAYMENT OF NET BALANCE

Following the conclusion of a Delivery Month, the parties shall determine the Net Balance due and owing for the Delivery Month, and that Net Balance shall be payable on the Settlement Date.

### GROSS INVOICES

Each party may, for bookkeeping purposes, elect to invoice the other party in gross amounts for crude oil transactions. Neither party shall have an obligation to pay gross amounts to the other party, but shall only be required to pay the Net Balance, if any, due for the Delivery Month.

### NET BALANCE CONFIRMATION

The parties shall confirm in writing or by telephone the Net Balance due and owing for a particular Delivery Month at least one day prior to the Settlement Date.

### TERMINATION

This Agreement is effective February 1, 2003, and ending February 1, 2004, and shall continue month to month thereafter. The Company and PMLP each have the right to terminate this Agreement after February 1, 2004 by giving written notice of such termination to the other party at least 30 days prior to the beginning of the month in which this Agreement is to terminate. This Agreement will then terminate on the last day of said month except with respect to payment of any Net Balance due which shall be made by the final Settlement Date.

6

NOTICE

Any notice required or permitted by this Agreement must be in writing and may be given by (i) depositing same in the U.S. Mail, postage prepaid, registered or certified, with return receipt requested, addressed as set forth below; (ii) hand-delivering same to the party to be notified; or (iii) sending prepaid telefax, telex or telegram. Notices shall not be effective until received. For purposes of notice, the address of the parties hereto shall be as follows:

If to PMLP:   PLAINS MARKETING, L.P.
 Attention: Director of Financial Services
 333 Clay Street Suite 1600
 Houston, TX 77002

If to Company:   SEMINOLE TRANSPORTATION AND GATHERING, L.P.
 Attention: _Jay Jones_
 _7500 East 91st St. Suite 200_
 _Tulsa, OK 74133_
 _Fax 918-229-8000_

ENFORCEABILITY

This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. Neither party will assign this Agreement, in whole or in part, without the express prior written consent of the other party, and any purported assignment in violation hereof will be voidable by the non-assigning party.

If either party (the Non-Paying Party) does not pay any amount due hereunder to the other, the other party may (in addition to exercising such other remedies available at law or in equity) set off any amounts which may be owed or owing to the Non-Paying Party by the other party hereunder or under any other obligation, against any amounts due the other party hereunder, and/or recoup or reclaim (either in cash or in kind), the value of crude oil sales and deliveries to the Non-Paying Party under the Contracts. IN SUCH CONNECTION, EACH PARTY AGREES TO REIMBURSE, INDEMNIFY, DEFEND AND HOLD THE OTHER HARMLESS FROM AND AGAINST ANY AND ALL LOSSES, LIABILITIES, CLAIMS, DAMAGES OR EXPENSES SUFFERED OR INCURRED BY THE OTHER HEREUNDER SHOULD A PARTY (I) COMMENCE A VOLUNTARY CASE OR PROCEEDING UNDER THE CODE, (II) CONSENT TO OR FAIL TO OBTAIN ITS DISMISSAL FROM AN INVOLUNTARY CASE OR PROCEEDING INSTITUTED AGAINST IT UNDER THE CODE, (III) MAKE A GENERAL ASSIGNMENT FOR THE BENEFIT OF ITS CREDITORS, OR (IV) ADMIT THAT IT GENERALLY IS UNABLE TO PAY ITS DEBTS OR PERFORM ITS OBLIGATIONS AS THEY BECOME DUE.

## GOVERNING LAW

This Agreement shall be construed and enforced in accordance with the laws of the State of Texas without application of its conflict of law rules. Any litigation over this Agreement shall be exclusively in the state and federal courts of Harris County, Texas. Should suit be instituted to enforce payment hereunder, the party prevailing in a final non-applicable judgement will be entitled to indemnification from the other party for its reasonable attorney's fees and related court costs but neither party shall be entitled to recover punitive damages from the other party.

**IN WITNESS WHEREOF,** this Agreement is executed by the respective parties on the dates set forth below and shall be effective as of the date first set forth above.

731477524

SEMINOLE TRANSPORTATION AND
GATHERING, L.P.

By: _____

Name: _Gregory Wallace_

Title: _CEO_

Date: _3/0/03_


PLAINS MARKETING, L.P.
By Plains Marketing GP Inc. it's general partner

By: _____
      Al Swanson

Title: Treasurer
Date: February 6, 2003

8

## NETTING AGREEMENT

This Netting Agreement ("Agreement") is made this 14th day of June, 2004 by and between **SEMCRUDE, L.P.** ("the Company") and **PLAINS MARKETING, L.P.** ("PMLP").

**WHEREAS**, the Company and PMLP buy and sell crude oil from and to one another on a continuing, ongoing basis pursuant to crude oil purchase and sale agreements ("the Contracts"). Both parties acknowledge and agree that the Contracts are 'Forward Contracts' and that they are 'Forward Contract Merchants' as those terms are defined in the U.S. Bankruptcy Code "the Code"; and

**WHEREAS**, the Company and PMLP desire that the amount actually to be paid each month pursuant to the Contracts be only the net amount owing from one party to the other, and not the gross purchase or sale price to be paid by one party to the other; and

**WHEREAS**, the Company and PMLP desire to enter into this Agreement to establish procedures for the regular payment of the net obligations between the parties;

**NOW THEREFORE**, in consideration of the foregoing and of the mutual covenants and conditions set forth herein, the Company and PMLP agree as follows:

## DEFINITIONS

The following terms shall be ascribed the corresponding definitions:

1. "Net Balance" shall mean the dollar amount due to a party under this Agreement after all crude oil deliveries to and exchanges between the parties in the Delivery Month have been adjusted for differences in price, quantity and a net difference in the value thereof is found to exist.

2. "Delivery Month" shall mean the calendar month in which crude oil deliveries to or exchanges between the parties occur.

3. "Settlement Month" shall mean the calendar month immediately following the Delivery Month.

"Settlement Date" shall mean the 20th day of the Settlement Month unless the 20th falls on a Saturday or non-Monday banking holiday, in which case the Settlement Date shall be the regular business day immediately preceding the 20th; or if the 20th falls on a Sunday or Monday banking holiday, the Settlement Date shall be the regular business day immediately succeeding the 20th.

Exhibit 1-C

### SUPERSESSION

This Agreement supersedes all previous netting agreements between the parties, if any. However, unless otherwise specifically provided herein, all terms and conditions of the Contracts shall remain in full force and effect, including (but not limited to) those terms and conditions concerning items in dispute and related matters.

### NET PAYMENTS

The separate purchase or sale prices attributable to each purchase or sale of crude oil between the parties shall not be payable in gross, but rather shall be payable only on a net basis each month, in the manner set forth herein.

### PAYMENT OF NET BALANCE

Following the conclusion of a Delivery Month, the parties shall determine the Net Balance due and owing for the Delivery Month, and that Net Balance shall be payable on the Settlement Date.

### GROSS INVOICES

Each party may, for bookkeeping purposes, elect to invoice the other party in gross amounts for crude oil transactions. Neither party shall have an obligation to pay gross amounts to the other party, but shall only be required to pay the Net Balance, if any, due for the Delivery Month.

### NET BALANCE CONFIRMATION

The parties shall confirm in writing or by telephone the Net Balance due and owing for a particular Delivery Month at least one day prior to the Settlement Date.

### TERMINATION

This Agreement is effective June 1, 2004, and ending June 30, 2005, and shall continue month to month thereafter. The Company and PMLP each have the right to terminate this Agreement after June 30, 2005 by giving written notice of such termination to the other party at least 30 days prior to the beginning of the month in which this Agreement is to terminate. This Agreement will then terminate on the last day of said month except with respect to payment of any Net Balance due which shall be made by the final Settlement Date.

**NOTICE**

Any notice required or permitted by this Agreement must be in writing and may be given by (i) depositing same in the U.S. Mail, postage prepaid, registered or certified, with return receipt requested, addressed as set forth below; (ii) hand-delivering same to the party to be notified; or (iii) sending prepaid telefax, telex or telegram. Notices shall not be effective until received. For purposes of notice, the address of the parties hereto shall be as follows:

If to PMLP:        PLAINS MARKETING, L.P.
                   Attention: Director of Financial Services
                   333 Clay Street Suite 1600
                   Houston, TX 77002

If to Company:     SEMCRUDE, L.P.
                   Attention: *Director Financial Services*
                   *Two Warren Place, Suite 700*
                   *6120 South Yale Avenue*
                   *Tulsa, Oklahoma 74136-4216*

**ENFORCEABILITY**

This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. Neither party will assign this Agreement, in whole or in part, without the express prior written consent of the other party, and any purported assignment in violation hereof will be voidable by the non-assigning party.

If either party (the Non-Paying Party) does not pay any amount due hereunder to the other, the other party may (in addition to exercising such other remedies available at law or in equity) set off any amounts which may be owed or owing to the Non-Paying Party by the other party hereunder or under any other obligation, against any amounts due the other party hereunder, and/or recoup or reclaim (either in cash or in kind), the value of crude oil sales and deliveries to the Non-Paying Party under the Contracts. IN SUCH CONNECTION, EACH PARTY AGREES TO REIMBURSE, INDEMNIFY, DEFEND AND HOLD THE OTHER HARMLESS FROM AND AGAINST ANY AND ALL LOSSES, LIABILITIES, CLAIMS, DAMAGES OR EXPENSES SUFFERED OR INCURRED BY THE OTHER HEREUNDER SHOULD A PARTY (I) COMMENCE A VOLUNTARY CASE OR PROCEEDING UNDER THE CODE, (II) CONSENT TO OR FAIL TO OBTAIN ITS DISMISSAL FROM AN INVOLUNTARY CASE OR PROCEEDING INSTITUTED AGAINST IT UNDER THE CODE, (III) MAKE A GENERAL ASSIGNMENT FOR THE BENEFIT OF ITS CREDITORS, OR (IV) ADMIT THAT IT GENERALLY IS UNABLE TO PAY ITS DEBTS OR PERFORM ITS OBLIGATIONS AS THEY BECOME DUE.

**GOVERNING LAW**

This Agreement shall be construed and enforced in accordance with the laws of the State of Texas without application of its conflict of law rules. Any litigation over this Agreement shall be exclusively in the state and federal courts of Harris County, Texas. Should suit be instituted to enforce payment hereunder, the party prevailing in a final non-applicable judgement will be entitled to indemnification from the other party for its reasonable attorney's fees and related court costs but neither party shall be entitled to recover punitive damages from the other party.

**IN WITNESS WHEREOF,** this Agreement is executed by the respective parties on the dates set forth below and shall be effective as of the date first set forth above.

SEMCRUDE, L.P.
TAX ID 73-1477524

By: _____

Name: Gregory C. Wallace

Title: Vice President

Date: 9/27/2004


PLAINS MARKETING, L.P.
By Plains Marketing GP Inc. it's general partner

By: _____
Al Swanson

Title: Vice President & Treasurer
Date: June 14, 2004