# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEMCRUDE, L.P., *et al.*, | : | Case No. 08-11525 (BLS) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| J. Aron & Company v. SemCrude, L.P., *et al.* | : | Adv. Pro. No. 09-50038 |
| BP Oil Supply Company v. SemCrude, L.P., *et al.* | : | Adv. Pro. No. 09-50105 |
| Plains Marketing, L.P. v. Bank of America, *et al.* | : | Adv. Pro. No. 09-51003 |
| ConocoPhillips Company v. SemCrude, L.P., *et al.* | : | Adv. Pro. No. 08-51457 |
| Samson Res. Co. *et al.* v. J. Aron & Co. *et al.* | : | Adv. Pro. No. 09-51520 |
| Samson Res. *et al.* v. BP Oil Supply *et al.* | : | Adv. Pro. No. 09-51070 |
| Samson Lone Star *et al.* v. BP Oil Supply *et al.* | : | Adv. Pro. No. 09-51941 |
| Samson Res. Co.. *et al.* v. ConocoPhillips Co. | : | Adv. Pro. No. 09-51518 |
| Samson Res. Co. *et al.* v. Sunoco Logistics | : | Adv. Pro. No. 09-53285 |
| Samson Lone Star *et al.* v. Sunoco Logistics | : | Adv. Pro. No. 09-53286 |
| Samson Lone Star *et al.* v. Coffeyville *et al.* | : | Adv. Pro. No. 09-52831 |
| Samson Res. Co. *et al.* v. Coffeyville *et al.* | : | Adv. Pro. No. 09-52853 |
| Samson Res. Co. *et al.* v. Valero Mktg. & Supply Co. *et al.* | : | Adv. Pro. Nos. 09-52818, 09-52819 09-52820, 09-52821, 09-52822, 09-52823, 09-52824, 09-52826, 09-52827, 09-52828, 09-52829 09-52830, 09-52834 |
| Samson Lone Star, LLC *et al.* v. ConocoPhillips Company | : | Adv. Pro. No. 10-55970 |
| Anstine & Musgrove, Inc., *et al.* v. J. Aron & Company, *et al.* | : | Adv. Pro. No. 10-51797 |
| Arrow Oil & Gas, Inc., et al. v. J. Aron & Company, *et al.* | : | Adv. Pro. No. 10-51825 |

{00650301;v1 }

| | |
|---|---|
| Arrow Oil & Gas, Inc., et al. v. Calcasieu Refining Company, *et al.* | Adv. Pro. No. 10-51828 |
| Hope Partners, Inc. v. BP Oil Supply Company, *et al.* | Adv. Pro. No. 09-51519 |
| Anstine & Musgrove, Inc., *et al.* v. Chevron Products Company, *et al.* | Adv. Pro. No. 11-51619 |
| New Dominion, LLC v. BP Oil Supply Company | Adv. Pro. No. 09-50978 |
| New Dominion, LLC v. J. Aron & Company | Adv. Pro. No. 11-51774 |
| IC-CO, Inc., *et al.* v. J. Aron & Company | Adv. Pro. No. 11-51773 |
| Timmy Joe Degge v. ConocoPhillips Company | Adv. Pro. No. 11-51775 |

## AMENDED SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary proceedings, IT IS HEREBY ORDERED that

1. The following schedule shall apply:

    a. Fact discovery shall conclude with respect to all parties, with the exception of the Debtor and the Orange Creek Assignors, on June 22, 2012.

    b. Fact discovery shall conclude with respect to the Debtor and the Orange Creek Assignors on July 17, 2012 (the "Fact Discovery Conclusion Date").

    c. Summary judgment motions shall be due on August 17, 2012.

    d. Summary judgment responses shall be due on September 21, 2012.

    e. Summary judgment replies shall be due on October 19, 2012.

    f. Oral argument on summary judgment motions shall be held November 5, 2012 or at the Court's earliest convenience.

g. The parties shall participate in mandatory mediation to be scheduled by agreement during the time period of October 1, 2012 through October 29, 2012.

h. Expert reports shall be due on November 5, 2012.

i. Rebuttal expert reports shall be due on December 3, 2012.

j. Expert depositions shall take place between December 10, 2012, and December 21, 2012 (the "Expert Discovery Conclusion Date").

k. To the extent that any party seeks the deposition of an employee and/or corporate representative of AlixPartners, L.P. (the "AlixPartners Deposition"), such a deposition shall take place on or before December 21, 2012.[1]

l. A pre-trial conference and the trial will take place on dates to be scheduled by the Court.

2. This schedule is without prejudice to any party seeking leave of the Court to adjust the discovery dates set forth herein as warranted, and the parties may agree to adjust any dates, other than the Fact Discovery Conclusion Date and the Expert Discovery Conclusion Date, without leave. Furthermore, the depositions of any Producer or Purchaser witness who was requested on or before June 15, 2012 may occur beyond the Fact Discovery Conclusion Date by (a) mutual agreement of the party requesting the witness and the party proffering the witness for deposition or (2) Court order.

3. Except where otherwise provided, the Federal Rules of Bankruptcy Procedure govern.

---

[1] The scheduling of the AlixPartners Deposition after the Fact Discovery Conclusion Date shall not constitute an admission by any party that testimony given during the AlixPartners Deposition constitutes expert testimony.

{00650301;v1 }    3

Dated: July 12, 2012

*[signature]*
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE