## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SEMCRUDE, L.P., *et al.*, ) | Case No. 08-11525 (BLS) |
| ) | (Jointly Administered) |
| ) | |
| ) | |
| Debtors. ) | |
| ) | |
| J. Aron & Co. *et al.* v. SemGroup, L.P. et al ) | Adv. Proc. No. 09-50038 |
| ) | |
| BP Oil Supply Company v. SemGroup, L.P. *et al.* ) | Adv. Proc. No. 09-50105 |
| ) | |
| Plains Marketing, L.P. *et al.* v. Bank of America, N.A. *et al.* ) | Adv. Proc. No. 09-51003 |
| ) | |
| ConocoPhillips Co. v. SemCrude, L.P. *et al.* ) | Adv. Proc. No. 08-51457 |
| ) | |
| Samson Resources Co., *et al.* v. BP Oil Supply Company ) | Adv. Proc. No. 09-51070 |
| ) | |
| Samson Lone Star LLC *et al.* v. BP Oil Supply Company ) | Adv. Proc. No. 09-51941 |
| ) | |
| Samson Resources Co. *et al.* v. Valero Marketing *et al.* ) ) ) ) ) | Adv. Proc. No. 09-52818, 09-52819, 09-52820, 09-52821, 09-52822, 09-52823, 09-52824, 09-52826, 09-52827, 09-52828, 09-52829, 09-52830, 09-52834 |
| ) | |
| Anstine & Musgrove, Inc. *et al.* v. J. Aron & Co. *et al.* ) | Adv. Proc. No. 10-51797 |
| ) | |
| Arrow Oil & Gas, Inc. *et al.* v. J. Aron & Co. *et al.* ) | Adv. Proc. No. 10-51825 |
| ) | |
| Arrow Oil & Gas, Inc. *et al.* v. Chevron Products Co., a division of Chevron U.S.A., *et al.* ) ) | Adv. Proc. No. 10-51828 |
| ) | |
| Hope Partners LLC v. BP Oil Supply Company ) | Adv. Proc. No. 09-51519 |
| ) | |
| Anstine & Musgrove, Inc. et al. v. Chevron Products Co., a division of Chevron U.S.A., *et al.* ) ) | Adv. Proc. No. 11-51619 |
| ) | |
| New Dominion, LLC v. BP Oil Supply Company ) | Adv. Proc. No. 09-50978 |
| ) | |
| New Dominion, LLC v. J. Aron & Co. ) | Adv. Proc. No. 11-51774 |
| ) | |

| | | |
|---|---|---|
| IC-CO Inc., *et al.* v. J. Aron & Co. | ) | Adv. Proc. No. 11-51773 |
| | ) | |
| Degge v. ConocoPhillips Co. | ) | Adv. Proc. No. 11-51775 |

## SECOND AMENDED[1] SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary proceedings, IT IS HEREBY ORDERED that

1. The following schedule shall apply:

    a. Fact discovery shall conclude with respect to all parties, with the exception of the Debtor and the Orange Creek Assignors, on June 22, 2012.

    b. Fact discovery shall conclude with respect to the Debtor and the Orange Creek Assignors on July 17, 2012 (the "Fact Discovery Conclusion Date").

    c. In New Dominion, LLC v. J. Aron & Co., Adv. Case No. 11-51774, summary judgment motions shall be due on September 28, 2012, summary judgment responses shall be due on **November 28, 2012**, and neither party shall submit a reply.

    d. Summary judgment motions in all other matters shall be due on **August 24, 2012**.

    e. Summary judgment responses in all other matters shall be due on **October 15, 2012**, except for the Titan entities, whose response shall be due on October 16, 2012.[2]

    f. Summary judgment replies shall be due on **November 28, 2012**.

    g. Oral argument on summary judgment motions shall be held from **February 11, 2013 through February 13, 2013**.[3]

---

[1] **Dates or deadlines reflected in bold have been amended from the Amended Scheduling Order entered July 12, 2012.**

[2] Given that two depositions of employees of Husky Marketing and Supply Company ("Husky") are forthcoming, the Associated Producers and Husky are in separate discussions regarding the appropriate deadlines for summary judgment responses and replies in connection with Husky's summary judgment motion. Aside from such deadlines, all other dates herein are otherwise unaffected with respect to the Associated Producers and Husky.

[3] A number of the Purchaser Defendants believe that no more than two days will be required for oral argument.

1

h. The parties shall participate in mandatory mediation to be scheduled by agreement during the time period of **October 12, 2012 to November 12, 2012.**

i. Expert reports shall be due on **December 10, 2012.**

j. Rebuttal expert reports shall be due on **January 14, 2013.**

k. Expert depositions shall take place between **January 21, 2013,** and **February 1, 2013** (the "Expert Discovery Conclusion Date").

l. To the extent that any party seeks the deposition of an employee and/or corporate representative of AlixPartners, L.P. (the "AlixPartners Deposition"), any such deposition shall take place on or before **January 18, 2013.**[4]

m. A pre-trial conference and the trial will take place on dates to be scheduled by the Court.

2. This schedule is without prejudice to any party seeking leave of the Court to adjust the discovery dates set forth herein as warranted, and the parties may agree to adjust any dates, other than the Fact Discovery Conclusion Date and the Expert Discovery Conclusion Date, without leave. Furthermore, the depositions of any Producer or Purchaser witness who was requested on or before June 15, 2012 may occur beyond the Fact Discovery Conclusion Date by (a) mutual agreement of the party requesting the witness and the party proferring the witness for deposition or (2) Court order.

---

[4] The scheduling of the AlixPartners Deposition after the Fact Discovery Conclusion Date shall not constitute an admission by any party that testimony given during the AlixPartners Deposition constitutes expert testimony. While the Associated Producers believe that the deadline for the AlixPartners Deposition should be the same as the end of the expert discovery period and J. Aron contends that the deadline should be December 21, 2012 (as stated in the Amended Scheduling Order signed July 12, 2012), the parties have agreed to the date of January 18, 2013, which was the date contained in the original version of the Second Amended Scheduling Order previously submitted to the Court. The Associated Producers, however, reserve their rights to seek a further amendment of this date.

2

3.  Except where otherwise provided, the Federal Rules of Bankruptcy Procedure govern.

Dated: October 16, 2012

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

3