# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SEMCRUDE, L.P., et al., ) | Case No. 08-11525 (BLS) |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |
| ) | |
| J. Aron & Co. et al. v. SemGroup, L.P. et al ) | Adv. Proc. No. 09-50038 |
| ) | |
| BP Oil Supply Company v. SemGroup, L.P. et al. ) | Adv. Proc. No. 09-50105 |
| ) | |
| Plains Marketing, L.P. et al. v. Bank of America, N.A. et al. ) | Adv. Proc. No. 09-51003 |
| ) | |
| ConocoPhillips Co. v. SemCrude, L.P. et al. ) | Adv. Proc. No. 08-51457 |
| ) | |
| Samson Resources Co., et al. v. BP Oil Supply Company ) | Adv. Proc. No. 09-51070 |
| ) | |
| Samson Lone Star LLC et al. v. BP Oil Supply Company ) | Adv. Proc. No. 09-51941 |
| ) | |
| Samson Resources Co., et al. v. Sunoco Logistics ) | Adv. Proc. No. 09-53285 |
| ) | |
| Samson Lone Star et al. v. Sunoco Logistics ) | Adv. Proc. No. 09-53286 |
| ) | |
| Samson Resources Co. et al. v. Valero Marketing et al. ) | Adv. Proc. No. 09-52818, 09-52819, 09-52820, 09-52821, 09-52822, 09-52823, 09-52824, 09-52826, 09-52827, 09-52828, 09-52829, 09-52830, 09-52834 |
| ) | |
| Anstine & Musgrove, Inc. et al. v. J. Aron & Co. et al. ) | Adv. Proc. No. 10-51797 |
| ) | |
| Arrow Oil & Gas, Inc. et al. v. J. Aron & Co. et al. ) | Adv. Proc. No. 10-51825 |
| ) | |
| Arrow Oil & Gas, Inc. et al. v. Chevron Products Co., a division of Chevron U.S.A., et al. ) | Adv. Proc. No. 10-51828 |
| ) | |
| Hope Partners LLC v. BP Oil Supply Company ) | Adv. Proc. No. 09-51519 |
| ) | |
| Anstine & Musgrove, Inc. et al. v. Chevron Products Co., a division of Chevron U.S.A., et al. ) | Adv. Proc. No. 11-51619 |

| | | |
|---|---|---|
| New Dominion, LLC v. J. Aron & Co. | ) | Adv. Proc. No. 11-51774 |
| | ) | |
| IC-CO Inc., *et al.* v. J. Aron & Co. | ) | Adv. Proc. No. 11-51773 |
| | ) | |
| Degge v. ConocoPhillips Co. | ) | Adv. Proc. No. 11-51775 |

## SIXTH AMENDED[1] SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary proceedings, IT IS HEREBY ORDERED that

1. The following schedule shall apply:

   a. Fact discovery shall conclude with respect to all parties, with the exception of the Debtor and the Orange Creek Assignors, on June 22, 2012.

   b. Fact discovery shall conclude with respect to the Debtor and the Orange Creek Assignors on July 17, 2012 (the "Fact Discovery Conclusion Date").

   c. In New Dominion, LLC v. J. Aron & Co., Adv. Case No. 11-51774, summary judgment motions shall be due on September 28, 2012, summary judgment responses shall be due on December 19, 2012, and neither party shall submit a reply.

   d. Summary judgment motions in all other matters shall be due on August 24, 2012.

   e. Summary judgment responses in all other matters shall be due on October 15, 2012, except for the Titan entities, whose response shall be due on October 16, 2012.[2]

   f. Summary judgment replies shall be due on December 12, 2012.[3]

---

[1] **Dates, deadlines, or other matters reflected in bold have been amended from the Amended Scheduling Order entered February 26, 2013.**

[2] Given that the final two depositions of employees of Husky Marketing and Supply Company ("Husky") did not take place until well beyond the end of fact discovery, the Associated Producers and Husky have agreed upon altered deadlines for summary judgment responses and replies in connection with Husky's summary judgment motion. Aside from such deadlines, all other dates herein are otherwise unaffected with respect to the Associated Producers and Husky.

g. Oral argument on summary judgment motions shall be held from February 11, 2013 through February 13, 2013.[4]

h. The parties shall participate in mandatory mediation to be scheduled by agreement during the time period of October 12, 2012 to February 15, 2013.[5]

i. Expert reports shall be due on December 21, 2012.[6]

j. Rebuttal expert reports shall be due on **March 29, 2013**.

k. All other expert discovery shall be stayed pending a ruling from the Court on the summary judgment motions; provided, however, that in no event shall expert depositions take place before **April 23, 2013**.

l. To the extent that any party seeks the deposition of an employee and/or corporate representative of AlixPartners, L.P. (the "AlixPartners Deposition"), any such deposition shall be stayed pending a ruling from the Court on the summary judgment motions.[7]

m. A pre-trial conference and the trial will take place on dates to be scheduled by the Court.

---

[3] Due to unique circumstances involving NCRA's counsel, the Associated Producers have provided NCRA with an extension to December 19, 2012. All other dates herein are otherwise unaffected with respect to the Associated Producers and NCRA.

[4] A number of the Purchaser Defendants believe that no more than two days will be required for oral argument.

[5] Pursuant to the Order Appointing Mediator and Establishing Mediation Procedures entered December 27, 2012, the mediation conference is currently scheduled for February 6, 2013.

[6] Issues relating to class certification and expert reports/discovery relating to class claims in case number 11-51773 will be scheduled, if necessary, subsequent to determinations over the motions for summary judgment and/or to dismiss.

[7] The scheduling of the AlixPartners Deposition after the Fact Discovery Conclusion Date shall not constitute an admission by any party that testimony given during the AlixPartners Deposition constitutes expert testimony. As part of the agreement to extend the deadline for deposing AlixPartners, no party on either side shall argue at the summary judgment hearing that the fact that the AlixPartners deposition has not occurred has any bearing on the proceedings or that the AlixPartners deposition is necessary in order to decide summary judgment. However, the Associated Producers reserve their right to dispute and controvert the facts set forth in the Monger Affidavit at the summary judgment hearing.

2. This schedule is without prejudice to any party seeking leave of the Court to adjust the discovery dates set forth herein as warranted, and the parties may agree to adjust any dates, other than the Fact Discovery Conclusion Date and the Expert Discovery Conclusion Date, without leave. Furthermore, the depositions of any Producer or Purchaser witness who was requested on or before June 15, 2012 may occur beyond the Fact Discovery Conclusion Date by (a) mutual agreement of the party requesting the witness and the party proffering the witness for deposition or (2) Court order.

3. Except where otherwise provided, the Federal Rules of Bankruptcy Procedure govern.

Dated: March 14, 2013

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE